UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL TROYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case. No. 2:17-cv-0162-WTL-DKL |
| | ) |
| WILLIAM WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. He is assessed an initial partial filing fee of Eight Dollars and Ninety-Two Cents ($8.92). He shall have **through May 12, 2017**, to pay this sum to the clerk.

**II.**

Plaintiff Daniel Troya, an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"), alleges in his complaint that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's proscription against cruel and unusual punishment while he was an inmate at the USP-TH. Mr. Troya has named as defendants: 1) William Wilson, Physician/Clinical Director, USP-TH; 2) Michael Rumska; 3) Heather Mata, Physician Assistant; 4) Susan Porter, Nurse; 4) Cindy McGhee, Nurse; 5) John Doe, Nurse. He seeks declaratory and monetary relief.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). *Pro se* complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation omitted); *see also Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law, 28 U.S.C. § § 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Mr. Troya's claims under each of these theories of liability are discussed below.

The complaint can be understood to allege a *Bivens* claim against the individual defendants. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same

way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)(noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

The right implicated by Mr. Troya's complaint is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994). A claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. Under the first element, Mr. Troya has alleged that the defendants were deliberately indifferent to his serious medical condition of aggressive fibromatosis.

The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S. Ct. at 1979. Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d

645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). A corollary to the second element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994)(quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985))(citations and internal quotations omitted). Without such an allegation, a complaint must allege facts to state a claim for relief that is plausible on its face, *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008)(citing *Twombly,* 127 S. Ct. at 1974)--there could be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(quoting *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

Here, Mr. Troya alleges that he underwent outpatient surgery at Union Hospital in Terre Haute and returned to USP-TH the same day. He received specific post-operative instructions from the surgeon regarding his care. Mr. Troya alleges the defendants ignored these instructions and as a result he had to be re-admitted to Union Hospital several days later for follow-up care.

### A. Insufficient Claims

Applying the foregoing principles to Mr. Troya's complaint, the claim against John Doe, Nurse, is **dismissed.** Any claim against an unknown John Doe is dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### B. Claims that Shall Proceed

The *Bivens* claims against Dr. Wilson, Susan Porter, Heather Mata, Cindy McGhee, and Michael Rumska **shall proceed**.

Finally, to the extent Mr. Troya seeks a declaratory judgment that the actions of these defendants violated his constitutional rights, this claim must be **dismissed** because declaratory judgment cannot be used "solely to adjudicate [a defendant's] past conduct" and not to affect future behavior. *Simso v. State of Connecticut,* 2006 WL 3422194, at *8 (D.Conn. Nov. 28, 2006); *see also Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, 2009 WL 1770145, at *3 (E.D. Wis. 2009) (dismissing claim for declaratory judgment where complaint alleges only past illegal conduct).

In summary, Mr. Troya's claims for monetary damages against Dr. Wilson, Susan Porter, Heather Mata, Cindy McGhee, and Michael Rumska **shall proceed**. His claims against John Doe, Nurse, are **dismissed,** and his claim for a declaratory judgment is **dismissed**.

**The clerk is instructed** to update the docket to show the dismissal of John Doe, Nurse, as a defendant.

## IV.

**The clerk is designated** to issue process to the United States. Process shall consist of a summons. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on April 10, 2017, (Dkt. 1), and a copy of this Entry, on the defendants at the expense of the United States.

**IT IS SO ORDERED.**

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Date: 4/12/17

Distribution:

Daniel Troya, #75817-004
Terre Haute-USP
Terre Haute United States Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Dr. Wilson
Physician/Clinical Director
4700 Bureau Road South
Terre Haute, IN 47802

Susan Porter
Nurse
4700 Bureau Road South
Terre Haute, IN 47802

Heather Mata
Physician Assistant
4700 Bureau Road South
Terre Haute, IN 47802

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Cindy McGhee
Nurse
4700 Bureau Road South
Terre Haute, IN 47802

Michael Rumska
Hospital Administrator
4700 Bureau Road South
Terre Haute, IN 47802

Financial Deputy Clerk