UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL A TROYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00162-WTL-DLP |
| | ) | |
| WILLIAMS E WILSON, | ) | |
| MICHAEL RUMSKA, | ) | |
| HEATHER MATA, | ) | |
| SUSAN PORTER, | ) | |
| CINDY MCGEE, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion for Counsel**

Before the Court is plaintiff's fourth motion to appoint counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

The plaintiff previously asserted that he has been unsuccessful in recruiting representation on his own. The Court concluded, based on the motion for counsel filed on October 11, 2017, that the plaintiff had made a reasonable effort to secure representation. Dkt. No. 28.

The Court now proceeds to the second inquiry required in these circumstances. Here, the Court previously concluded that the plaintiff is competent to litigate this action on his own. *See* Dkt. No. 37; Dkt. No. 51.

The plaintiff seeks the appointment of counsel because he asserts that he is unable to litigate and engage in discovery on his own in order to reply to the defendants' motion for summary

judgment. Dkt. No. 69; Dkt. No. 75.

The Court understands it may be more difficult for the plaintiff to litigate this action without counsel. Every *pro se* litigant has the same dilemma. If this Court had enough lawyers willing and qualified to accept a *pro bono* assignment, it would assign a *pro bono* attorney in almost every *pro se* case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

In the complaint, the plaintiff alleges that he underwent outpatient surgery at Union Hospital in Terre Haute. He received specific post-operative instructions from the surgeon regarding his care. The plaintiff alleges that once he was moved back to the prison the defendants ignored these instructions and as a result he had to be re-admitted to Union Hospital several days later with complications.

The defendants have moved for summary judgment on the merits. They have provided copies of the plaintiff's medical records from Union Hospital, including his discharge instructions, and his medical records from Terre Haute.

To date, the plaintiff's filing are comprehensible. In fact, the plaintiff's filing are very well-written and reasoned, and include current citations to relevant law. The Court has no difficulty at all understanding what the plaintiff is communicating. He previously stated that inmate Welsey Purkey provided him legal assistance. Specifically, the plaintiff asserted that "Purkey has prepared each and every piece of litigation that Troya has filed in these proceedings." Dkt. No. 47, p. 4. He also previously asserted that staff at USP-TH was preventing Purkey from providing legal assistance to the plaintiff. To the extent inmate Purkey is no longer assisting the plaintiff, the level of quality in the plaintiff's filings to this Court has not diminished.

The plaintiff is familiar with the factual circumstances surrounding the medical care he did or did not receive from the defendants. The plaintiff has no difficulty reading or writing English, obtained a GED in 2002, and has no physical or mental health issues that might affect his ability to litigate this case on his own. *See* Dkt. No. 33.

The plaintiff asserts that without counsel he will not be able to compel the defendants to respond to his discovery requests. However, the plaintiff does not explain why he will not be able to compel the defendants to respond to discovery. Further, the plaintiff has not sought assistance from the Court in any discovery disputes.[1] Additionally, the Court provided the plaintiff with subpoenas. Dkt. No. 63.

The Court continues to conclude that the plaintiff is able to competently litigate whether the defendants followed Union Hospital's post-operative instructions. He has the medical records, including the post-operative instructions. The medical issues in this case are not complex. The plaintiff may contradict the defendants' version of the facts with his own affidavit.

The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit to both the plaintiff and the Court in the presentation of the case.

To the extent the plaintiff needs additional time to file a response to the defendants' motion for summary judgment, he should file such a motion.

---

[1] On March 21, 2018, the Court denied the plaintiff's motion to compel because he did not comply with Rule 37. The Court also explained that to the extent the plaintiff felt the defendants were not properly or adequately responding to his discovery requests, he needed to specifically identify which discovery request the defendants allegedly did not respond to. Dkt. No. 60. The plaintiff sought no further assistance with discovery.

Based on the foregoing, therefore, the plaintiff's motions for appointment of counsel, Dkt. No. 69; Dkt. No. 75, are **DENIED**.

**IT IS SO ORDERED**.

Date: 7/23/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL A TROYA
75817-004
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov