UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL A TROYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00162-WTL-DLP |
| | ) |
| WILLIAMS E WILSON, | ) |
| MICHAEL RUMSKA, | ) |
| HEATHER MATA, | ) |
| SUSAN PORTER, | ) |
| CINDY MCGEE, | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion to Reconsider**

The plaintiff, Daniel Troya, has filed a motion to reconsider the Court's Entry dated July 23, 2018, that denied his fourth motion for counsel. Troya asserts that the Court made a factual error when it determined that inmate Wesley Purkey was being prevented from providing him legal assistance in drafting his pleadings and based on this factual error the Court was wrong to deny the motion for counsel.

The Court based its finding that inmate Purkey was being prevented from providing Troya legal assistance on the following:

> <u>Underlying Facts Supporting Claims Of Interference By USP/TH Staff With Troya's Access To The Court In The Immediate Litigation:</u>
>
> 1. In the past several months Troya has diligently tried to gain legal assistance from Inmate Purkey who resides on the same Range as he does based on the extremely limited one (1) hour per week that the governing SCU Policy allows. <u>See Purkey's Aff'd/Appx. (A).</u> On average Troya has been afforded access to what the applicable governing SCU characterizes as "Inmate Assisted Legal Meetings" either once every other week and/or three 'one hour meetings' every two months. <u>See Purkey's Aff'd ¶(s)(2) thr (7).</u>
> 2. Troya has sought redress of such limited access based on policy mandates with Unit Manager Thomas who basically has turned a deaf ear to concerns presented to her through the past several month period. Further' he has reiterated to applicable SCU Administrative Staff concerns of certain SCU Security Staff on the 2 - 10 Shift's ongoing interference with scheluded 'legal meetings' with Inmate as delineated via given SCU policy dictates without tentative resolve.
> 3. Both Ms. Thomas, as well as the USP/TH Legal Department Supervisor Ms. K. Siereveld claim that Troya has absolutely no right to have Inmate Purkey or for that matter any particular inmate to afford him with legal assistance and that they can designate any inmate they choose to afford Troya with legal assistance whether such other inmate's have tenable qualifications in affording him with legal assistance. <u>See Purkey's Aff'd ¶ (9)/Appx. (B).</u>

Dkt. No. 47.

Moreover, in the July 23, 2018, Entry, the Court denied Troya's motion for counsel for multiple reasons. Dkt. No. 76. One of those reasons is that the quality of Troya's legal filings had not diminished even after he was believed no longer to be receiving assistance from inmate Purkey. Regardless of Troya's access to legal assistance from an inmate or the law library, this Court, having reviewed this record, is confident for the following reasons, that Troya is competent to litigate this case.

In the motion to reconsider, Troya relies on *James v. Eli*, 889 F.3d 320 (7th Cir. 2018) for support as to why he should be appointed counsel. In *James*, the Court reiterated the necessary analysis for counsel requests previously set forth in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc). Here, the Court has already determined that Troya has satisfied the first inquiry of *Pruitt*

in that he has made sufficient efforts to recruit counsel on his own. The second inquiry, whether Troya is competent to litigate this action himself, is at issue in Troya's motion to reconsider. With respect to the second inquiry, the Court in *James* stated that the question is "'whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *James*, 889 F.3d at 327, citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The Court also recognized that "'cases involving complex medical evidence are typically more difficult for pro se litigants.'" *Id.*, *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Perez v. Fenoglio*, 792 F.3d 792, 784 (7th Cir. 2015); *Pruitt*, 503 F.3d at 655–56; *Zarnes v. Rhodes*, 64 F.3d 285, 289 n.2 (7th Cir. 1995). Ultimately, the Court in *James* instructed that district courts should "'review any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff.'" *Id.*, quoting *Pruitt*, 503 F.3d at 655. The court should also consider the "'plaintiff literacy, communication skills, education level, and litigation experience.'" *Id.*, quoting *Pruitt*, 503 F.3d at 655.

Here, Troya seeks the appointment of counsel because 1) he is being prevented from obtaining evidence to support his claims from witnesses/inmates, 2) the defendants submitted expert testimony in support of their motion for summary judgment, and 3) he only has a G.E.D.

First, Troya has complained that he was not able to obtain evidence from other inmates confined at USP-Terre Haute. Thus, the Court attempted to assist him by allowing him to file (ex parte) a letter directed to inmates Tipton and Barrett that requested that they provide an affidavit setting forth their personal knowledge of Troya's wellbeing on April 11, 2016. Dkt. No. 80. Troya responded and notified the Court that he did not want to submit correspondence via the Court to these individuals. He further stated that his inability to obtain this evidence was further evidence

that he needed counsel appointed.

The defendants also responded to the Court's Entry and notified the Court that USP-TH would be willing to accommodate Troya's need to correspond with Tipton and Barrett in accordance with Bureau of Prison Program Statement 5265.14 and 28 C.F.R. § 540.17. Thus, Troya may use this mechanism to obtain necessary evidence from Tipton and Barrett.[1]

Further, in denying Troya's fourth motion for counsel with respect to his concern that he would not be able to adequately conduct discovery the Court stated:

> "[t]he plaintiff asserts that without counsel he will not be able to compel the defendants to respond to his discovery requests. However, the plaintiff does not explain why he will not be able to compel the defendants to respond to discovery. Further, the plaintiff has not sought assistance from the Court in any discovery disputes.[2] Additionally, the Court provided the plaintiff with subpoenas. Dkt. 63. . . . [The defendants] have provided copies of his medical records from Union Hospital, including his discharge instructions, and his medical records from Terre Haute."

Dkt. No. 76.

For all of these reasons, the Court finds that Troya can adequately conduct discovery on his own.

Second, Troya asserts that because the defendants have presented evidence from a medical expert, the law requires that he be appointed counsel and a medical expert. The suggestion that the Court must recruit counsel to shift the cost of expert witness testimony to the court or pro bono counsel anytime the defendants offer a medical expert opinion is unreasonable. The Court lacks

---

[1] Of course, such correspondence must be approved and may only contain information relating to this legal matter.

[2] On March 21, 2018, the Court denied the plaintiff's motion to compel because he did not comply with Rule 37. The Court also explained that to the extent the plaintiff felt the defendants were not properly or adequately responding to his discovery requests, he needed to specifically identify which discovery request the defendants allegedly did not respond to. Dkt. No. 60. The plaintiff sought no further assistance with discovery.

the resources to pay for indigent litigant's discovery and there is no statutory basis to support this argument.

Neither *James* nor *Rowe v. Gibbon*, 798 F.3d 622 (7th Cir. 2015) held that district courts must appoint counsel and a medical expert whenever the defendant relies on expert medical testimony. Rather, *James* reiterated the analysis a district court must conduct when ruling on counsel motions. And with respect to expert testimony, in *Rowe*, the Seventh Circuit rejected the expert medical testimony provided by the doctor defendant and reiterated that the district court is the gatekeeper of evidence.

Accepting Troya's argument that he must be appointed counsel because the defendants relied on expert medical testimony in their motion for summary judgment would mean accepting "as a practical matter, a presumptive right to counsel in some categories of cases." *Walker v. Price*, 2018 WL 3967298, Seventh Circuit, August 20, 2019, page 2. Seventh Circuit precedent does not go this far. *Id*.

In addition, Troya has not stated the reason he needs to obtain a medical expert. Simply because the defendants have introduced testimony from a medical expert is not a justification for the automatic appointment of a medical expert for the plaintiff. Here, Troya has not asserted that his medical records are incorrect or incomplete, or that the defendants' medical expert's understanding of the facts of the events that form the basis of the lawsuit are erroneous.

Third, Troya is familiar with the factual circumstances surrounding the medical care he did or did not receive from the defendants. He has no difficulty reading or writing English, obtained a GED in 2002, and has no physical or mental health issues that might affect his ability to litigate this case on his own. *See* Dkt. No. 33.

The Court continues to conclude that Troya is able to competently litigate whether the

defendants followed Union Hospital's post-operative instructions. While medical claims often require nuanced expert testimony about the standard of care, Troya's claims involve whether medical staff at USP-TH followed the post-operative instructions from Union Hospital. He has the medical records, including the post-operative instructions. The medical issues in this case are not complex. Troya may contradict the defendants' version of the facts with his own affidavit.

The Court will appoint counsel if Troya survives summary judgment.

The plaintiff's motion to reconsider, Dkt. No. 81, is **denied**.

**IT IS SO ORDERED**.

Date: 9/24/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL A TROYA
75817-004
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov